USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WESLEY WILLIAMS

                            Plaintiff,

-against-

CARL J. KOENIGSMANN, REGIONAL MEDICAL
DIRECTOR OF GREEN HAVEN CORRECTIONAL
FACILITY, FACILITY HEALTH SERVICE
DIRECTOR OF GREEN HAVEN CORRECTIONAL
FACILITY, DOCTOR ACRISH, SUED IN THEIR
INDIVIDUAL CAPACITIES,
                            Defendants.

No. 14-CV-2498 (NSR)(LMS)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

Wesley Williams ("Plaintiff") brings this action against Carl J. Koenigsmann ("Koenigsmann"), Barbara Griffith ("Griffith"),[1] Frederick Bernstein ("Bernstein") and Albert Acrish ("Acrish") (collectively, "Defendants"). Plaintiff brings an action pursuant to 28 U.S.C. § 1983 alleging that Defendants violated his Eighth and Fourteenth Amendment rights. Before the Court is Plaintiff's motion to amend the complaint to add "APS" (the "outside vendor retained by DOCCS to approve surgery"), Nurse Susan Devlin-Varin and Timothy E. Whalen, as defendants, as well as to clarify certain facts. For the foregoing reasons, Plaintiff's motion is GRANTED.

## BACKGROUND[2]

The Court assumes general familiarity with the facts of this case, which are set forth in

---

[1] While not named in the Complaint, Plaintiff has sued Dr. Barbara Griffith in her capacity as Regional Medical Director for the Green Haven Facility. Dr. Griffith served in this capacity from September 1, 2010, until June 27, 2013.

[2] All facts are taken from Plaintiff's original complaint, unless otherwise noted.

1

greater detail in this Court's Opinion & Order issued on April 7, 2014. *See Williams v. Koenigsmann*, 2015 WL 4393321 (S.D.N.Y. July 16, 2015). To summarize, Plaintiff has been complaining of breast pain since December of 2006, at which time he was detained at Sing Sing Correctional Facility. On April 17, 2009, Acrish referred Plaintiff to a specialist who diagnosed him with gynecomastia and suggested surgical consultation. From 2009 to the present, Defendants have deliberately denied Plaintiff breast reduction surgery (mastectomy) pursuant to a policy created by Koenigsmann labeling the surgery as "cosmetic." According to Plaintiff, this policy contradicts the specialist's diagnosis that Plaintiff's condition causes extreme pain. Accordingly, this policy and the actions of the Defendants allegedly deprived Plaintiff of proper medical care. With regards to this medical need, Plaintiff alleges Defendants were deliberately indifferent at three separate locations, during three separate time periods: (1) Green Haven Correctional Facility ("Green Haven") from April 2009 to April 2010; (2) Southport Correctional Facility from March 2011 to September 2012; and (3) Clinton Correctional Facility from October 2012 to present.

## PROCEDURAL HISTORY

Plaintiff filed his original complaint on April 7, 2014 against Koenigsmann, Acrish, Bernstein, and Griffith. On January 5, 2015, Defendants moved to dismiss this complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). While that motion was pending, on June 12, 2015, the Court granted Plaintiff leave to file a motion to amend the complaint. Subsequently, on July 15, 2015, the Court issued a decision denying the motion to dismiss. Also in July, Plaintiff attempted to file *an amended complaint* (the "Proposed Amended Complaint" or "PAC"). The Court properly rejected the amended complaint, as the Court only granted Plaintiff leave to file a *motion* to amend the complaint. Having received the Court's clarification, Plaintiff served its motion to amend the complaint on September 13, 2015. Plaintiff's proposed

amendment seeks to add both parties and claims, and the motion to amend is currently before the Court.

## STANDARD ON A MOTION TO AMEND A PLEADING

A party may amend a pleading once as a matter of course or at any time before trial with leave of the court.  Fed. R. Civ. P. 15(a)(1)-(2).  When a party seeks leave to amend a pleading, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nevertheless, the Court may deny leave to amend for "[r]easons [of] . . . undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party."  *State Teachers Ret. Bd. v. Fluor Corp*, 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'")).

Leave to amend may be denied "on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) (quoting *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110-11 (2d Cir. 2001)); *accord Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman*, 371 U.S. at 182).  A proposed amendment is futile if it "could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)."  *Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 258 (2d Cir. 2002) (internal citation omitted).  Thus, a court should deny a motion to amend if it does not contain enough factual allegations, accepted as true, to state a claim for relief that is "plausible on its face."  *Riverhead Park Corp. v. Cardinale,* 881 F.

Supp. 2d 376, 379 (E.D.N.Y. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (denying motion to add claims as futile)).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). It is important to note that "pleading is not an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges." *In re Merrill Lynch Ltd. P'ships Litig,* 7 F. Supp. 2d 256, 276 (S.D.N.Y. 1997). The court's "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College,* 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and quotation marks omitted).

## DISCUSSION

### I. Statute of Limitations – Green Haven Defendants

Defendants argue that Plaintiff's motion to amend the complaint should be denied with respect to certain claims that are outside the applicable statute of limitations. (Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint ("Defs.' Memo."), ECF No. 45, at 3.) Specifically, Defendants contend that Plaintiff's claims against the "Green Haven Defendants"[3] are time-barred to the extent they accrue before April 7, 2011—three years prior to filing the original complaint. These claims—deliberate indifference of the Green Haven Defendants—were asserted in the original complaint. (*See* Complaint, ECF No. 2.) Plaintiff's request to amend does not seek to add or change these claims. Accordingly, Defendants have no argument that the *amendment* would be futile because the claims are untimely, as these claims

---

[3] The term "Green Haven Defendants" is used but is undefined in Defendants' Memorandum. (*See* Defs.' Memo at 3.) Given that all four original defendants—Koenigsmann, Griffith, Bernstein, Acrish—were employed by or had duties related to the Green Haven Facility, the Court will read this term to apply to those four defendants.

4

are already asserted in the action.[4] *See AEP Energy Servs. Gas Holding Co.*, 626 F.3d at 726 (internal citations omitted) (holding that leave to amend may be denied "on grounds of futility if the *proposed amendment* fails to state a legally cognizable claim or fails to raise triable issues of fact.") (emphasis added).

## II.     Deliberate Indifference – Nurse Susan Devlin-Varin

Plaintiff seeks to amend his complaint to reflect that Nurse Susan Devlin-Varin "attempted to help cover up facts of Plaintiff's medical condition." (Reply Memorandum of Law in Support Motion to Amend/Correct Plaintiff's Complaint ("Pl.'s Reply"), ECF No. 46, at 2.) Plaintiff maintains that Nurse Devlin-Varin knew that Plaintiff was in serious medical need and did not relay such information when asked. Defendants contend that Plaintiff's allegations with respect to Nurse Devlin-Varin are entirely conclusory and, in any event, do not rise to a level of deliberate indifference. (Defs.' Memo at 6.)

Deliberate indifference requires that a defendant act with a culpable state of mind. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (citing *Hathaway*, 37 F.3d at 503). Plaintiff need not show that the defendant acted with the "very purpose of causing harm or with knowledge that harm will result." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (quoting *Farmer v. Brennan,* 511 U.S. 825, 835 (1994)). However, a plaintiff must demonstrate that the defendant consciously disregarded a "substantial risk of serious harm." *Id.* (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)). Plaintiff claims that Nurse Devlin-Varin had first-hand knowledge of his condition and when asked about his condition, refused to provide this information, which would have helped Plaintiff to receive the medical treatment he

---

[4] Though this argument is not appropriate for the current motion, in light of the Court's decision to accept the PAC, Defendants are free—if they so choose—to reassert this argument on a motion to dismiss, as the Court has yet to decide the statute of limitations issue.

required. (Pl.'s Reply at 7; PAC at 9.)[5] Though these allegations are thin, the Court must "interpret the complaint liberally to raise the strongest claims that the allegations suggest." *Rosen v. N. Shore Towers Apartments, Inc.*, No. 11-CV-00752 RRM LB, 2011 WL 2550733, at *2 (E.D.N.Y. June 27, 2011) (citing *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)). Plaintiff has alleged that Nurse Devlin-Varin was aware of his serious medical condition that was causing him substantial pain, and when presented with an opportunity to help Plaintiff, she refused. Accordingly, Plaintiff has pled facts consistent with a deliberate indifference claim, and Plaintiff's motion to amend is GRANTED as to Nurse Susan Devlin-Varin.

### III.     Deliberate Indifference – Koenigsmann

Plaintiff seeks to amend his complaint to add factual allegations as to the deliberate indifference of Defendant Koenigsmann (i.e., that Koenigsmann was grossly negligent in his supervision of subordinates who were committing wrongful acts). (PAC at 7; Pl.'s Reply at 8.) Defendants oppose the addition of "gross negligence claims" against Koenigsmann. However, the Court does not read Plaintiff's PAC to add a gross negligence claim. Instead, Plaintiff continues to assert the same deliberate indifference claim outlined in his original complaint but adds an alternative way in which the Court can find personal involvement of Koenigsmann, pursuant to *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995), as discussed in the Court's previous opinion. *See Williams v. Koenigsmann*, 2015 WL 4393321, at *4. More specifically, a plaintiff must demonstrate personal involvement of a supervisory defendant in order to sustain a claim for a constitutional violation, and he may do so by showing that:

---

[5] In evaluating the sufficiency of Plaintiff's allegations, the Court will also consider facts set forth in his motion papers. *See Lovick v. Schriro*, No. 12 CIV. 7419 ALC RLE, 2014 WL 3778184, at *2 (S.D.N.Y. July 25, 2014) (citing *Rosado v. Herard,* No. 12–cv–8943 (PGG)(FM), 2013 WL 6170631, at *3 (S.D.N.Y. Nov. 25, 2013) ("In evaluating the legal sufficiency of a *pro se* plaintiff's claims, a court may rely on the plaintiff's opposition papers.")).

(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to respond to notices that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995).[6] Accordingly, Plaintiff's allegation that Koenigsmann was grossly negligent in his supervision of subordinates simply seeks to add facts to clarify Koenigsmann's role or personal involvement in the alleged constitutional violation. Given that the Court already upheld the deliberate indifference claim, Plaintiff's motion to amend on this ground is not futile and is therefore GRANTED.

Finally, Defendants do not oppose the claims asserted against APS or Timothy Whalen. (*See* Defs.' Memo.) Therefore, the Plaintiff's motion to amend to add these parties and claims is also GRANTED. *See Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008); *Dish Network L.L.C. v. World Cable Inc.*, 893 F. Supp. 2d 452, 461 (E.D.N.Y. 2012).

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Amend is GRANTED. The Court accepts the PAC as the controlling complaint and will docket it accordingly.

Dated: June 10, 2016
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[6] The Court acknowledges that the Second Circuit "ha[s] not yet determined the contours of the supervisory liability test ... after *Iqbal*." *Raspardo v. Carlone*, 770 F.3d 97, 117 (2d Cir. 2014). *See also Reynolds v. Barrett*, 685 F.3d 193, 205 n. 14 (2d Cir. 2012) (recognizing the conflict between *Iqbal* and *Colon* but declining to decide the issue). However, Plaintiff is free to assert a theory of liability pursuant to any of the factors at this junction.

7